[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 20, 2009
THOMAS K. KAHN
CLERK

No. 05-16734
_____

D. C. Docket No. 04-01100-CV-RWS-1

C. ALAN POWELL, individually, and on behalf of
all others similarly situated,
TORY DUNLAP, individually, and on behalf of
all others similarly situated, et al.,

Plaintiffs-Appellees
Cross-Appellants,

versus

SHERIFF JACQUELINE BARRETT,
Fulton County, State of Georgia,
SHERIFF MYRON FREEMAN, et al.,

Defendants-Appellants
Cross-Appellees.

_____

Appeals from the United States District Court
for the Northern District of Georgia
_____

(January 20, 2009)

Before BLACK, HULL and RYSKAMP,* Circuit Judges.

_____

* Honorable Kenneth L. Ryskamp, United States District Judge for the Southern District
of Florida, sitting by designation.

PER CURIAM:

Eleven former detainees at the Fulton County Jail in Georgia filed a putative class action under 42 U.S.C. § 1983 challenging the Jail's strip search policy as unconstitutional. Our Court, en banc, affirmed the district court's dismissal of the Fourth Amendment point-of-entry strip search claims of the "Arrestee Strip Search Class" (AR Group), and remanded the appeal to this panel to apply the principles in the opinion to the "Alpha Strip Search Class" (AL Group) and "Court Return Strip Search Class" (CR Group). *Powell v. Barrett*, 541 F.3d 1298, 1314 (11th Cir. 2008) (en banc).

After receiving supplemental briefing from the parties, we conclude further factual development is needed before the principles enunciated in *Powell* can be applied to the AL and CR Groups. The parties (either by stipulation or evidentiary hearing) shall develop the record, including but not limited to the following.

As to the two plaintiffs in the AL Group: the time and date of entry into the jail; how long after that entry the strip search was conducted; whether the strip search was a part of the point-of-entry booking process; where the plaintiffs were kept in the jail both before and after the strip search was conducted; whether the strip search was pursuant to a blanket policy or, if not, explain; whether the strip search was conducted in the same manner as the AR Group as alleged in the

2

Complaint; for Powell, what was the bond and at what time was it posted and by whom; for Matkin, the hour of Matkin's entry into the jail on March 18, the hour the judicial officer dismissed the charges at the jail on March 19; whether the judicial officer ordered release or dismissed the aggravated assault charge; the process used for notifying the jail's booking section and records section of the orders of the judicial officer entered in the jail; the process for checking other outstanding detention orders, warrants or holds and how long did that process take; and the process for releasing an inmate when bond has been posted and how that relates to the point-of-entry booking process.

As to the two plaintiffs in the CR Group: how long it took for the court to enter the release order and how it was transmitted to the jail; specify where the plaintiffs were placed after their return to the jail, i.e., general population as alleged in the complaint or a holding cell or other area while the records room or appropriate staff checked for detention orders, warrants or other holds on the in-custody inmate; how long it took for the jail to check for detention orders, warrants or other holds on the CR group; whether the strip search was conducted in the same manner as the initial point-of-entry strip search (showers and visual inspection), and, if not, how it was conducted; whether the strip search was a blanket practice on all court return inmates and the jail's justifications and reasons

3

for strip searching the plaintiffs in the CR group; given the overcrowding at the jail and the need to process out inmates who have been ordered released, why the jail places the CR inmates ordered released back into the jail's general population as opposed to segregating them for immediate processing out of the jail if no other detention orders, warrants or holds are in place; and the length of time between the point-of-entry searches of these two plaintiffs and their second searches upon return from the court.

Thus, we remand the case to the district court to develop the facts and apply the principles discussed in this Court's en banc opinion to the facts developed.

**REMANDED.**